Curia¿ per

Frost, J.
The appeal submits to the consideration of the court, the construction of the Act of 1818, to enlarge the jurisdiction of the city court of Charleston. The Act provides, that “nothing in this Act contained shall be construed so as to extend to any inhabitant of this State who may not be a resident within the city of Charleston ; and no person shall be construed to be a resident of the said city, unless he shall have resided in the said city three months prior to the commencement of the suit or prosecution, or shall have resided in the said city four months during the year preceding the commencement of She said suit or prosecution.”
*301 The defendant, it is admitted, was an inhabitant of the> State, and was not a resident of the city, when the process from, the city court was sued out. The first member of the clause, that nothing in the Act contained shall be so construed as to subject an inhabitant of the State, who is not a resident of the city, to the jurisdiction of the city court, is the principal and controlling provision of the enactment, and in subordination to it the rest of the enactment must be construed. It is possible this declaration may be limited or qualified, but that cannot lightly be assumed. The clause then proceeds to define what residents of the city 'shall be subject to the jurisdiction of the court, and describes two classes. 1st. such as may have resided within the city three months before the commencement of the suit; and,'2d. such as shall have resided within the city four months during the year preceding the commencement of the suit.
It is clear the defendant is not embraced in the first class; but it is supposed he is included in the last. The first objection to this construction is, that under the definition of a resident, it includes one confessedly not a resident' a contradiction not to be admitted. But such inconsistency is not necessary. Among the residents in the city, some may inhabit it permanently, and others at intervals of time. In Charleston, there is a considerable number of the last description — persons who reside in the city, but spend many months away from it. If such persons were included in the fii’st class, they would be almost entirely exempt from the j-urisdiction, being absent about six or seven months, and on their return, subject only after three months residence within the city prior to the suit. The number of these persons is sufficient to make the inclusion of them important, and in reference to them the second definition must be construed.
By this well known habit of many residents, persons subject to the jurisdiction of the court were defined in the Act of 1801, which provides that no citizen of the State, who shall not have been in the habit of residing in the city four months in the year, shall be subject to the jurisdiction of the court. In the Act of 1818, the uncertainty of habit is reduced by substituting a residence of *302 four months in the preceding year. The definition, in subordination to the first clause, must assume such persons to be residents, for in defining residents, persons who are non-residents cannot be included. By this construction, effect is given to all the terms of the Act. Persons who are resident, and have been for three months prior to the suit; and persons, residents, who may not have resided in the city three months prior to the suit, but who were residents four months in the year preceding, are, by this clause of the Act of 1818, subject to the jurisdiction of the city court.
The opinion of the court is, that the plea to the jurisdiction should have been allowed, and the motion is granted.
Richardson, O’Neall, Evans, Butler and Wardlaw, JJ. concurred.